SADIE GROSSBERG AND SAMUEL GROSSBERG, HER HUS-
BAND, PLAINTIFFS, v. JOSEPH SHAPIRO AND RAY-
MOND DE KEZEL, DEFENDANTS.

Submitted May 18, 1929—Decided November 15, 1929.

Before Justices TRENCHARD, LLOYD and CASE.

For the plaintiffs, *Herman D. Edelson* and *Louis C. Fried-
man (Jacob L. Bernstein,* of counsel).

For the defendant Joseph Shapiro, *Alexander M. MacLeod.*

For the defendant Raymond De Kezel, *Schneider &
Schneider (William P. Braun,* of counsel).

PER CURIAM.

This is plaintiffs' rule to show cause why a new trial should
not be granted.

Plaintiff Sadie Grossberg was riding in an automobile
owned and operated by Joseph Shapiro, as his guest and
invitee. Shapiro was going west on Ridgewood avenue in
Bergen county and defendant De Kezel was operating his
automobile south on Paramus road. At the intersection of
these highways the automobiles collided shortly before mid-
night. Mrs. Grossberg and her husband brought this suit
against both Shapiro and De Kezel on account of the con-
sequent injuries to Mrs. Grossberg. The jury found in favor
of the defendants.

The plaintiffs' first point is that the verdict was against
the clear weight of the evidence.

Defendant De Kezel was called by the plaintiff. He testified that he was going about twenty-six miles an hour immediately before the accident, and when he reached the intersection he was "rolling about eighteen miles as he stopped to look up and down the street;" that he did not see Shapiro's car and did not see lights and when he saw nobody "I just simply stepped on the gas;" that after traveling four feet after looking, the accident happened, his front bumper hitting the running board of the other car. He testified that his lights were burning brightly; that he did not stop when he got to the intersection and did not blow his horn because he did not think it was necessary.

The other defendant, Shapiro, testified that he looked to his right as he approached the intersection, and saw no car coming; that he slowed down to fifteen miles an hour; that he heard no horn and does not remember whether or not he blew his horn. He says that he did not see anything at all; that he never saw anything until the collision occurred. He says also that the De Kezel car had lights on, and they were bright lights and his own lights were bright.

The trial judge instructed the jury that if they found Mrs. Grossberg to have been guilty of contributory negligence, they should acquit defendants. He told them in effect that they might find such contributory negligence if they found that Mrs. Grossberg acquiesced in Shapiro's driving without lights. We have not stopped to consider the legal accuracy of that instruction. But we doubt if there was any evidence which justified it as a matter of fact. Certainly it may be said the great weight of the evidence is that Shapiro's lights were lighted. Upon the whole case we are clear that the verdict was against the great weight of the evidence. Normally, in an accident such as the evidence shows this to be, one or the other or both of the defendants would certainly be deemed to be negligent, and by the great weight of the evidence there was no contributory negligence upon the part of Mrs. Grossberg.

The rule to show cause will be made absolute. Costs to abide the event of the suit.